USCA1 Opinion

 

 [Not for Publication] United States Court of Appeals For the First Circuit ____________________ No. 96-1105 CHARLES LANGONE ET AL., Plaintiffs, Appellees, v. WILLIAM WALSH, INC., d/b/a William Walsh Movers, Defendant, Appellant. ERRATA SHEET The opinion of this Court issued on November 20, 1996 is corrected as follows: On p.3, line 1 change "the" to "that" [Not for Publication] United States Court of Appeals For the First Circuit ____________________ No. 96-1105 CHARLES LANGONE ET AL., Plaintiffs, Appellees, v. WILLIAM WALSH, INC., d/b/a William Walsh Movers, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Rya W. Zobel, U.S. District Judge] ___________________ ____________________ Before Stahl, Circuit Judge, _____________ Bownes, Senior Circuit Judge, ____________________ and Lynch, Circuit Judge. _____________ ____________________ Paul E. Stanzler, with whom Maria E. Recalde and Burns & Levinson ________________ ________________ ________________ LLP were on brief, for appellant. ___ Matthew E. Dwyer, with whom John F. Farraher, Jr., Christina C. _________________ _______________________ ____________ Duddy, and Dwyer & Jenkins P.C. were on brief, for appellee. _____ ____________________ ____________________ November 20, 1996 ____________________ LYNCH, Circuit Judge. The New England Teamsters LYNCH, Circuit Judge. _____________ and Trucking Industry Pension Fund and the Teamsters 25 Health Services and Insurance Plan ("the Health Plan") sued William Walsh, Inc. ("WWI") to recover sums admittedly owed to the Fund and Plan by Charles Walsh, Inc. ("CWI"), a now- defunct moving company. The Pension Fund has since settled with WWI, so that only the Health Plan remains party to this litigation. The Health Plan's theory is that WWI is an "alter ego" of CWI within the meaning of the pertinent labor law doctrines and so is responsible for the debt. That debt is in the sum of $243,737, exclusive of interest. CWI is no longer in operation and apparently has no assets to satisfy the obligation. The parties filed cross motions for summary judgment before the district court. The material facts are not in dispute. It is the inferences and legal conclusions to be drawn from the facts which are in contention. United ______ Paperworkers Int'l Union, Local 14 v. International Paper ____________________________________ ____________________ Co., 64 F.3d 28, 31 (1st Cir. 1995) No claim is made that ___ the district court applied the wrong law. The district court (Zobel, J.) entered summary judgment for the plaintiffs and against WWI on the alter ego theory. Langone v. C. Walsh _______ ________ Inc., 864 F. Supp. 233 (D. Mass. 1994). We review the matter ____ de novo. United Paperworkers, 64 F.3d at 32. __ ____ ___________________ -2- 2 We affirm on the district court's well-reasoned opinion. Local Rule 27.1. We add only the following few thoughts. We recognize that these "alter ego" cases have serious consequences for each party to the dispute. The cases are largely fact-driven, and general statements of doctrine go only so far. In NLRB v. Hospital San Rafael, ____ _____________________ Inc., 42 F.3d 45 (1st Cir. 1994), we noted that in ____ determining alter ego status the NLRB and courts have: considered a range of criteria including the similarity between the old and new companies in relation to management, business purpose, operation, equipment, customers and supervision, as well as ownership. In most cases, a further important factor in determining alter ego status is whether the alleged alter ego entity was created and maintained in order to avoid labor obligations. Id. at 50. We have also noted that "[n]o one factor is __ controlling and all need not be present to support a finding of alter ego status." C.E.K. Indus. Mechanical Contractors, _____________________________________ Inc. v. NLRB, 921 F.2d 350, 354 (1st Cir. 1990). ____ ____ Here there is strong evidence of similarity between the old and new companies in that there is common management, an identical business purpose, and substantial similarity in operations. These similarities are compounded by the fact that despite nominally separate ownership, CWI essentially provided WWI with free equipment (trucks and company cars), free use of office and warehouse space, and free use of its service mark. -3- 3 As we said in Hospital San Rafael, anti-union ____________________ animus is not always a sine qua non of an "alter-ego" ____ ___ ___ finding. Hospital San Rafael, 42 F.3d at 51. But this case ___________________ does not test the "reasonable limits," id. at 52, of the ___ Hospital San Rafael doctrine because there is sufficient _____________________ evidence here to infer anti-union animus from the sequence of events (although this evidence is not as strong as that recited earlier pertaining to the similarity between the old and new companies). These facts are sufficient to make out an alter-ego case, although WWI's arguments on this point are far from frivolous.1 We acknowledge the able briefing and advocacy for both sides here.  For these reasons, we affirm. No costs.  ____________________ 1. Of far less merit is WWI's alternate argument that the collective bargaining agreement which WWI eventually signed with the union somehow bars the claims of the Health Plan.  For one thing, the Plan was not a party to this agreement.  In addition, the agreement on its face is silent on the question of liability for past claims. And finally, collective bargaining agreements by their very nature govern prospective relations between the parties. We decline to ___________ read in a waiver of past claims absent any indication in the agreement itself that the parties intended it to address such matters. -4- 4